IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERNWESTERM DIVISION

| UNITED STATES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-03119-01-CR-SW-RK |
| | ) | |
| JOHN PUTNAM, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Defendant John Putnam, by and through his attorneys, and pursuant to Fed. R. Crim. P. 32, respectfully submits this Sentencing Memorandum for the court's consideration. The sentencing is scheduled for December 7, 2018, at 11:30 a.m. This Memorandum is filed to aid the Court in imposing a sentence which is sufficient but not greater than necessary to serve the objectives of sentencing as set out in 18 U.S.C. § 3553(a).

**I.    INTRODUCTION**

On November 1, 2017, Dr. Putnam pled guilty to a single count of concealing a material fact from a governmental agency in violation of 18 U.S.C. § 1001(a)(1). The charge and resulting plea arose from the failure of Dr. Putnam to provide the true number of trips he made to Brazil with Marty Brickey during an interview by the IRS-CID. Through his plea, Dr. Putnam has accepted full and complete responsibility for his actions

1

and knows that he will live the rest of his life with the consequences of a felony conviction.

Dr. Putnam has been on pretrial release since he surrendered to authorities on November 17, 2018. Dr. Putnam has not violated any condition of pretrial release. During this time, Dr. Putnam has continued gainful employment and has been a productive member of the community in which he resides.

The Court has received Dr. Putnam' Presentence Report (PSR) and the advisory United States Sentencing Guidelines (USSG) calculations. In the instant case the PSR calculated the total offense level as 4, the criminal history category as I with a guideline range of 0 to 6 months. Pursuant to Dr. Putnam's plea agreement and due to his cooperation, the government has indicated it will seek a sentence of probation.

There are numerous reasons under both § 5K1.1 of the guidelines and § 3553(a) which warrant a non-custodial sentence as requested by the parties. These reasons include (1) his cooperation as detailed by the government under seal in its motion; (2) collateral consequences impacting his livelihood; (3) the fact that Dr. Putnam is highly unlikely to reoffend; and (4) his opportunity to continue to be a productive member of the community.

Based on these substantial mitigating sentencing factors, Dr. Putnam respectfully requests a sentence of probation, and suggests this would be a fair and reasonable sentence in light of the sentencing objectives set forth in Title 18 U.S.C. § 3553(a)(2).

## II. STANDARDS FOR IMPOSING SENTENCE

After a determination as to the guideline range, the Court should determine if a departure or a variance is needed.

Under *Gall, Booker, Kimbrough* and their progeny, Court's overriding duty is to fashion an individualized sentence that is sufficient but not greater than necessary to achieve the sentencing goals of § 3553(a). *United States v. Gray*, 577 F.3d 947, 950 (8th Cir. 2009) (quoting *18 U.S.C. § 3553(a)*); see also *United States v. Butler*, 594 F.3d 955, 967 (8th Cir. 2010) (same).

As set forth in 18 U.S.C. § 3553(a), this Court is required to consider the following factors in imposing a reasonable sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed (to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner);

(3) the kinds of sentences available;

(4) the sentencing Guidelines applicable to the offense; and

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

1. **History and Characteristics of the Defendant**

Dr. Putnam was born in South Carolina, the eldest child of three. While his parents divorced during his childhood, he remained close to both of them. His mother passed away in 2012. He continues to have a close relationship with his 90-year-old father who is a retired physician. Dr. Putnam is divorced and the father of two children. Dr. Putnam obtained a bachelor of science degree from Andrews University. In 1983, he graduated from the University of Oklahoma College of Medicine. Dr. Putnam specializes in orthopedic surgery and sports medicine. He is certified by the American Board of Orthopaedic Surgery.

Dr. Putnam is a brittle diabetic. Brittle diabetes is a severe form of the disease marked by unpredictable swings in blood sugar levels. Dr. Putnam is treated for this condition with Humalog insulin. The unpredictability of this type of diabetes is an important factor to consider when determining whether a sentence of incarceration is greater than necessary to achieve the goals of sentencing.

Dr. Putnam exhibits extraordinarily good characteristics and work ethic. He not only has practiced medicine for over 35 years, but owns and operates Putnam Orhopaedic Center in Springfield, Missouri. As noted in the PSR at ¶¶ 41-42, he is a highly qualified orthopedic surgeon. As a board-certified orthopedic surgeon, he has consistently provided excellent care to many patients throughout southwest Missouri.

**2. Need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes of the defendant, provide vocational training**

Dr. Putnam will forever have a felony conviction on his record, a stigma that has significant consequences particularly on this defendant who will most certainly have to contend with licensure issues as a result. Certainly, the publicity generated by this offense and conviction will result in long-lasting reputational damage. Imprisonment is not always required to deter others from criminal conduct, particularly those concerned with the very public fallout that result from an investigation, indictment, and guilty plea to a federal felony. As noted above, this wrong will most certainly overshadow if not subsume the good works Dr. Putnam has otherwise accomplished over the course of his career as a very well-respected physician. The likelihood that Dr. Putnam will commit other criminal acts in the future is virtually nonexistent. His background demonstrates he is extremely stable and able to comply with the rules of society.

His material, false statement to the IRS was not connected to the delivery of health care services, nor the billing for health care services in any manner. Nor did his act cause any tax loss to the government. As confirmed by the government, he has cooperated fully in bringing this matter (and the related investigation) to a close. Dr. Putnam's actions have saved substantial resources for the government. The defendant suffered a financial loss of at least 10 million dollars himself due to Mr. Brickey's scheme as outlined in the PSR at ¶¶ 8-10. Dr. Putnam accepts responsibility for not fully

5

disclosing his knowledge of Mr. Brickey's activities when he was first asked. Importantly, he not only promptly accepted responsibility for his actions, but helped bring to a close the investment scheme investigation that was initiated by Mr. Brickey. (See, PSR at ¶¶ 5-7.)

### 3. The kinds of sentence available

Even before any consideration is given to downward departure or variance considerations, Dr. Putnam's advisory guideline calculation places him in Zone A. Within Zone A, a sentence of any type of confinement is not required. The guideline range standing alone in addition to the acts of cooperation as detailed under seal justify a non-custodial sentence with whatever reasonable conditions this Court may require. Finally, the goal of fashioning a sentence that is sufficient but not greater than necessary under 18 U.S.C. § 3553(a) will be achieved through a non-custodial sentence.

## III. CONCLUSION

Dr. Putnam fully accepts responsibility for his criminal conduct. He does not intend to diminish or excuse his actions. To the contrary, he has fully accepted responsibility. Dr. Putnam requests a probationary sentence with whatever conditions the Court deems appropriate.

6

Case 6:17-cr-03119-RK   Document 22   Filed 11/28/18   Page 6 of 7

Respectfully submitted,

WYRSCH HOBBS & MIRAKIAN, P.C.

By: /s/ JAMES R. HOBBS
    JAMES R. HOBBS    Mo #29732
    1200 Main
    Suite 2110
    Kansas City, Missouri 64105
    Tel:  (816) 221- 0080
    Fax:  (816) 221-3280
    jrhobbs@whmlaw.net

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of November, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ James R. Hobbs
***Attorney for Defendant Putnam***

7